# EXHIBIT A

NOTICE OF SUIT TO SHERIFF OF ALLEGHENY CO.

You are hereby notified that on <u>12/06/2018</u>

a COMPLAINT has been filed in this case

and you are required to serve the same on or before the

<u>03/06/2019</u>

Michael McGeever, Director

Department of Court Records

## COMPLAINT IN CIVIL ACTION

### IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| Plaintiff(s) | Case Number: |
| --- | --- |
| **Travis, Melissa**<br>**undefined ,** | **GD-18-016034**<br><br>Type of pleading:<br>**Complaint**<br><br>Filed on behalf of:<br>**Travis Melissa**<br><br><u>**Frank D Eugene**</u><br>(Name of filing party) |
| Defendant(s)<br><br>**Audit Systems Incorporated,**<br><br>, | VS<br>[X] Counsel of Record<br><br>[ ] Individual, If Pro Se<br><br>Name, Address and Telephone Number:<br>**Frank D Eugene**<br><br>**412 3664276**<br>Attorney's State ID: **89862** |

**Michael McGeever, Director, Department of Court Records**

# Supreme Court of Pennsylvania
## Court of Common Pleas
## Civil Cover Sheet
_____ Allegheny _____ **County**

| **For Prothonotary Use Only:** | |
|---|---|
| Docket No: | *TIME STAMP* |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**SECTION A**

**Commencement of Action:**
- ☒ Complaint
- ☐ Transfer from Another Jurisdiction
- ☐ Writ of Summons
- ☐ Petition
- ☐ Declaration of Taking

| Lead Plaintiff's Name: | Lead Defendant's Name: |
|---|---|
| Melissa Travis et al. | Audit Systems Incorporated |

| **Are money damages requested?** ☒ Yes ☐ No | Dollar Amount Requested: (check one) | ☐ within arbitration limits ☒ outside arbitration limits |
|---|---|---|

| **Is this a *Class Action Suit*?** ☒ Yes ☐ No | **Is this an *MDJ Appeal*?** ☐ Yes ☒ No |
|---|---|

Name of Plaintiff/Appellant's Attorney:  Eugene D. Frank, Esquire

☐ **Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)**

**SECTION B**

**Nature of the Case:**  Place an "X" to the left of the **ONE** case category that most accurately describes your ***PRIMARY CASE***.  If you are making more than one type of claim, check the one that you consider most important.

**TORT** *(do not include Mass Tort)*
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability *(does not include mass tort)*
- ☐ Slander/Libel/ Defamation
- ☒ Other:
  FDCPA claims

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other:

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional:

**CONTRACT** *(do not include Judgments)*
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other

- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other

- ☐ Other:

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other:

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other

- ☐ Zoning Board
- ☐ Other:

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other:

*Updated 1/1/2011*

## IN THE COURT OF COMMON PLEAS
## OF ALLEGHENY COUNTY, PENNSYLVANIA

MELISSA TRAVIS, *an individual, on
behalf of herself and those similarly situated,*

              Plaintiffs,

vs.

AUDIT SYSTEMS INCORPORATED,

              Defendant.

CIVIL DIVISION

NO: GD-18-

TYPE OF PLEADING:

**CLASS ACTION COMPLAINT**

FILED ON BEHALF OF:
**Melissa Travis, an individual, on
behalf of herself and those
similarly situated**

COUNSEL OF RECORD:
**Eugene D. Frank, Esquire
PA ID # 89862**

**Law Offices of Eugene D. Frank, P.C.
500 Grant Street, Suite 2900
Pittsburgh, PA 15219
(412) 366-4276 (office)
(412) 366-4305 (fax)**

FILED
2018 DEC -6 PM 3:11
DEPT. OF COURT RECORDS
CIVIL/FAMILY DIVISION
ALLEGHENY COUNTY PA

## IN THE COURT OF COMMON PLEAS OF
## ALLEGHENY COUNTY, PENNSYLVANIA
### CIVIL DIVISION

| | |
|---|---|
| Melissa Travis, *an individual, on behalf of herself and those similarly situated,*<br><br>     Plaintiffs,<br><br> vs.<br><br>Audit Systems Incorporated,<br><br>     Defendant. | Case No. GD-18- |

### NOTICE TO DEFEND

   You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

   YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

   IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Lawyer Referral Service
Allegheny County Bar Association
11th Floor Koppers Building
436 Seventh Avenue
Pittsburgh, PA 15219
Telephone: (412) 261-5555

## IN THE COURT OF COMMON PLEAS OF
## ALLEGHENY COUNTY, PENNSYLVANIA
## CIVIL DIVISION

| | |
|---|---|
| Melissa Travis, *an individual, on behalf of herself and those similarly situated,* <br><br><br> Plaintiffs, <br><br> vs. <br><br> Audit Systems Incorporated, <br><br> Defendant. | Case No. GD-18- |

## CLASS ACTION COMPLAINT

**AND NOW,** comes the Plaintiff, Melissa Travis, *on behalf of herself and all those similarly situated,* by and through undersigned counsel, and files this Class Action Complaint, and in support thereof avers as follows:

### Introduction

1.     This is a class action for damages brought by consumers pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA"), which prohibits debt collectors from engaging in harassing, abusive, false, deceptive, misleading and/or unfair debt collection practices.

2.     Defendant, Audit Systems Incorporated ("Defendant"), systematically sends initial collection letters (the "Initial Written Communications") to consumers on behalf of others in an attempt to collect consumer debts and said letters are required to contain a notice pursuant to the FDCPA and, specifically, 15 U.S.C. § 1692g (the "Notice").

3.     The Initial Written Communications contain language which invites the consumers to call Defendant to dispute the debt or otherwise leaves a consumer uncertain or confused as to what she/he/they must do to effectively dispute the debt.

4.      As such, Defendant is subject to strict liability pursuant to the FDCPA for sending the Initial Written Communications to Plaintiff and other Pennsylvania consumers in an attempt to collect consumer debts.

5.      Accordingly, Plaintiff, Melissa Travis (the "Plaintiff"), individually, on behalf of herself and those similarly situated, seeks relief pursuant to the FDCPA.

## Jurisdiction and Venue

6.      Jurisdiction of this Court arises out of, but not limited to, the Defendant's violation(s) of the FDCPA.

7.      At all relevant times herein, Defendant was engaged in the collection of delinquent consumer debts within the Commonwealth of Pennsylvania including, but not limited to, Allegheny County and venue is proper in Allegheny County, Pennsylvania pursuant to the Pennsylvania Rules of Civil Procedure.

## Parties

8.      At all times mentioned herein, Plaintiff is a natural person and consumer and is a citizen of the Commonwealth of Pennsylvania, County of Allegheny.  At all relevant times herein, Plaintiff was allegedly obligated to pay a defaulted debt as specifically set forth herein and Plaintiff is a "consumer" as defined in the FDCPA.

9.      Defendant is a corporation established in the State of Florida with a business address located at 3696 Ulmerton Road, Suite 200, Clearwater, FL 33762. Defendant conducts business and/or attempts to collect delinquent consumer debts throughout the Commonwealth of Pennsylvania, including, but not limited to, the County of Allegheny.

10.     Defendant is a "debt collector" as defined in the FDCPA and, at all times relevant herein, acted by and/or through their owners, managers, officers, shareholders,

authorized representatives, partners, employees, agents, affiants, attorneys, affiliates and/or workmen.

11.     Defendant regularly engages in collecting delinquent consumer debts and regularly uses the mails and/or the telephone in an attempt to collect, directly or indirectly, delinquent consumer debts allegedly owed or due or asserted to be owed or due another.

12.     Defendant's principal purpose is the collection of delinquent debts.

13.     According to Defendant's website, it provides "Third Party Collections Servicing" and states as follows: "ASI provides third party collection services to assist our clients with collecting delinquent and charged off accounts receivable.  We understand the challenges faced by consumers…"

## Factual Allegations

14.     At all relevant times herein, the related delinquent consumer debt was an Advanced Integrated Medical ("AIM") account incurred by Plaintiff as a result of personal medical services (the "Debt").  At all relevant times herein, the Debt was a consumer "debt" as defined in the FDCPA.  The Debt was incurred based on purchases related to and/or used primarily for personal, family and/or household purposes.

15.     On a date better known to Defendant, AIM assigned, transferred, or otherwise placed the Debt with Defendant for the purpose of attempting to collect the same from Plaintiff.

16.     On December 6, 2017, Defendant intentionally mailed a collection letter to Plaintiff in an attempt to collect the Debt (the "Letter").  Thereafter, Plaintiff received and reviewed the Letter at the relevant date/time.  A true and correct copy of the Letter (redacted) is attached hereto, incorporated herein, and marked as Exhibit "A."  The Letter is a "communication" as defined in the FDCPA given the Letter conveyed information regarding the Debt, implied the existence thereof, and attempted to induce payment of the

same from Plaintiff. The Letter was also the initial communications sent by Defendant to Plaintiff regarding the Debt.

17. Upon information and belief, the Letter is a template or generated form and sent to numerous consumers.

18. Amongst other content on the Letter was in **bold** in the top left-hand corner the name of Defendant and a toll free phone number. What is not in bold is the address of Defendant in the same location. See *Exhibit A*.

19. As a result of the Letter being the initial written communication sent by Defendant to Plaintiff for the Debt, the Letter was required to contain the Notice, which was placed on the Letter right after the instructions on how to make a payment online. See *Exhibit A*.

20. The Notice starts with "Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt to be valid." See *Exhibit A*.

21. In drafting the Letter, Defendant intentionally included and/or approved the following language: "If the account is outstanding due to a billing error or other problem, please feel free to contact one of our representatives with questions at 1-800-741-1696 during business hours of Monday through Thursday 8:00am – 9:00pm EST and Friday 8:00am- 7:00pm EST" (the "Invite"). See *Exhibit A*.

22. The phone number contained in the Invite is the same phone number contained in bold near the top left-hand corner of the Letter where the address is not in bold. See *Exhibit A*.

23. Upon information and belief, Defendant sent the same template or generated form letter to many consumers throughout the Commonwealth of Pennsylvania in an attempt to collect delinquent consumer debts.

## Class Action Allegations

24.     Plaintiff incorporates by reference the above paragraphs of this Class Action Complaint as though fully set forth herein.

25.     Plaintiff brings this class action individually, on behalf of herself and those similarly situated in compliance with the Pennsylvania Rules of Civil Procedure.

26.     Plaintiff proposes to define the class as follows:

      a)     all consumers residing in the Commonwealth of Pennsylvania;

      b)     who were sent a collection letter in the form of Exhibit A, attached to the Class Action Complaint, or substantially similar from Defendant, which was not returned as undeliverable by the U.S. Post Office;

      c)     in an attempt to collect any obligation or alleged obligation incurred for personal, family, or household purposes;

      d)     within one (1) year prior to the filing of this action through the date of class certification.

27.     This action relates to template or generated form collection letters that are sent to numerous consumers throughout the Commonwealth of Pennsylvania, including, but not limited to, the County of Allegheny.

28.     Plaintiff does not know the exact size or identities of the class, as Defendant maintains exclusive control of such information.  However, Plaintiff believes that the class includes approximately hundreds of individuals residing in Pennsylvania whose identities can be readily determined from Defendant's business records.  Therefore, the proposed class is so numerous that joinder of all members is impracticable.

29.     All class members have been affected by the same conduct.  The common questions of law and fact predominate over any questions affecting only individual members of the class.  These questions include, but are not limited to:

      a)     whether Plaintiff and class members received a collection letter in the form of Exhibit A, attached to the Class Action Complaint, or substantially similar from Defendant;

b)    whether such collection letters violate the FDCPA entitling Plaintiff and class members to statutory damages for such violations.

30.    Plaintiff's claims are typical of the claims of the class and do not conflict with the interests of any other class members.  Plaintiff and the members of the class were uniformly subjected to the same conduct.

31.    Plaintiff's claims are based on the same factual and legal theories with all class members being consumers who defaulted on a consumer debt and received an improper collection letter from Defendant.

32.    Plaintiff will fairly and adequately represent the class members' interests and has retained counsel who are qualified to pursue this litigation.  Plaintiff's counsel are experienced in prosecuting claims for consumer abuse pursuant to the FDCPA and are competent to represent the class.

33.    A class action is superior for the fair and efficient adjudication of the class members' claims as Congress specifically envisioned class actions as a principal means of enforcing the FDCPA.  *See* 15 U.S.C. § 1692k.  The members of the class are generally unsophisticated consumers, whose rights will not be vindicated in the absence of a class action.  Prosecution of separate actions by individual members of the class would also create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards and would not be in the best interest of judicial economy.

34.    A class action regarding the issues in this case does not create any problems of manageability.

35.    A class action will allow similarly situated consumers to prosecute common claims efficiently and adjudicate small claims simultaneously without the need for numerous individual actions and the associated effort and expense for each individual action.  The class action will also allow class members to seek legal redress for a

deprivation of their rights who may be unable to locate or afford legal counsel competent in prosecuting FDCPA claims.

## Causes of Action

### Count I
### Violations of the FDCPA
### 15 U.S.C. § 1692g

36.     Plaintiff incorporates by reference the above paragraphs of this Class Action Complaint as though fully set forth herein.

37.     There is abundant evidence of the use of abusive, deceptive, and unfair collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, marital instability and invasions of individual privacy.

38.     The FDCPA was enacted, in part, due to existing laws and/or procedures being inadequate for redressing the types of injuries as set forth herein.

39.     Defendant knew or should have known that its actions violated the FDCPA.

40.     Defendant is subject to strict liability for its actions in attempting to collect the Debt as set forth herein.

41.     The Letter can be reasonably read to have two or more different meanings, one of which is false, confusing, and/or inaccurate as set forth herein.

42.     Defendant could have taken steps necessary to bring its actions within FDCPA compliance, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

43.     As stated above, pursuant to 15 U.S.C. § 1692g, within five (5) days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the

consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

44.     Section 1692g of the FDCPA also provides:

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

15 U.S.C. § 1692g(b).

45.     The purpose of the notice is to advise the consumer of his or her right to dispute the validity of the debt and how to do so. *Homer v. The Law Offices of Frederic I. Weinberg & Associates, P.C.*, 2:17-cv-00880-TJS (E.D. PA. Nov. 9, 2017) (citing *Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 148 (3d Cir. 2013).

46.     "The right to dispute a debt is the most fundamental of those set forth in § 1692g(a)…" *Hooks v. Forman, Holt, Eliades & Ravin, LLC*, 717 F.3d 282, 286 (2d Cir. 2013).

47.     The FDCPA does not presume that a debtor who receives a dunning letter knows he has the right to dispute the debt and to request verification of the debt. *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 95 (2d Cir. 2008).

48.     The debt validation notice is an important statutory right which must be effectively conveyed to the consumer.

49.     It is not enough to merely regurgitate the Notice onto a collection letter. *Caprio vs. Healthcare Revenue Recovery Group, LLC*, 709 F.3d 142 (3d Cir. 2013).

50.     In assessing the efficacy of the debt validation notice, courts within the Third Circuit must do so from the perspective of the least sophisticated consumer. See *Graziano v. Harrison*, 950 F.2d 107, 111 (3d Cir. 1991).

51.     Within the Third Circuit, a dispute of a consumer debt (such as the Debt herein) <u>must</u> be in writing in order to be effective. See *Graziano*, 950 F.2d at 112. A dispute of the debt orally does not trigger the consumer's verification right under the FDCPA. *Id.*

52.     In the Third Circuit, a validation notice within a dunning collection letter that invites the consumer to call the debt collector to dispute the debt or otherwise leaves a consumer uncertain or confused as to what she must do to effectively dispute the debt has been deemed a violation of the FDCPA. See *Caprio*, 709 F.3d at 148 - 149 (3d Cir. 2013).

53.     The Letter misrepresents the consumer's rights pursuant to 15 U.S.C. § 1692g.

54.     The Letter does not properly inform the least sophisticated consumer that in order to effectively dispute the debt, such dispute must be in writing.

55.     Upon reading the Letter, a reasonable probability exists that a least sophisticated consumer would be confused and/or misled as to what he or she must do to effectively dispute the debt. A least sophisticated consumer could be confused or uncertain as to whether a written response is required.

56.     Upon reading the Letter, a least sophisticated consumer could reasonably believe that he or she could effectively dispute the validity of the debt by making a telephone call rather than disputing the debt in writing (i.e., the Invite).

57.     Upon reading the Letter, a least sophisticated consumer could be under the mistaken belief that he or she could request validation of the debt by calling Defendant (i.e., disputing the debt orally).

58.     As such, the Letter is misleading, deceptive and/or fails to effectively convey the validation notice required under 15 U.S.C. § 1692g.

59.     A consumer, reading the Letter, may incorrectly believe he or she can dispute the validity of the debt by merely calling Defendant, relieving the same of its obligations to provide verification and allowing it to continue collection efforts.

60.     The conduct of Defendant, its agents, servants, representatives, managers, attorneys and/or employees, as described herein, is a violation of 15 U.S.C. § 1692g given the Letter invites the consumer to call the Defendant to dispute the debt or otherwise leaves a consumer uncertain or confused as to what he or she must do to effectively dispute the debt.

**WHEREFORE**, Plaintiff, Melissa Travis, prays that this Honorable Court certify this case as a class action and enter judgment for Plaintiff and the class members as follows:

      (a)    for statutory damages awarded to Plaintiff, Melissa Travis, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

      (b)    for statutory damages awarded to the Class Members pursuant to 15 U.S.C. § 1692k(a)(2)(B);

      (c)    for reasonable attorneys' fees for all services performed by counsel in connection with the prosecution of these claims pursuant to 15 U.S.C. § 1692k(a)(3);

      (d)    for reimbursement of all costs and expenses incurred in connection with the prosecution of these claims pursuant to 15 U.S.C. § 1692k(a)(3);

      (e)    Such other and further relief that this Honorable Court deems just and proper.

**Count II**
**Violations of the FDCPA**
**15 U.S.C. § 1692e**

61.     Plaintiff incorporates by reference the above paragraphs of this Class Action Complaint as though fully set forth herein.

62.     Because the list is non-exhaustive, a debt collection practice can be deemed a false, deceptive, or materially misleading practice even if it does not fall within any of the subsections of Section 1692e of the FDCPA.

63.     The conduct of Defendant, its agents, servants, representatives, managers, attorneys and/or employees, as described herein, was false, misleading, and/or deceptive in violation of 15 U.S.C. § 1692e given the Letter misrepresents to the least sophisticated consumer that he or she can call the Defendant to dispute the debt when, in reality, he or she must send a dispute of the debt in writing for the dispute to be effective.

**WHEREFORE**, Plaintiff, Melissa Travis, prays that this Honorable Court certify this case as a class action and enter judgment for Plaintiff and the class members as follows:

      (a)      for statutory damages awarded to Plaintiff, Melissa Travis, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

      (b)      for statutory damages awarded to the Class Members pursuant to 15 U.S.C. § 1692k(a)(2)(B);

      (c)      for reasonable attorneys' fees for all services performed by counsel in connection with the prosecution of these claims pursuant to 15 U.S.C. § 1692k(a)(3);

      (d)      for reimbursement of all costs and expenses incurred in connection with the prosecution of these claims pursuant to 15 U.S.C. § 1692k(a)(3);

      (e)      Such other and further relief that this Honorable Court deems just and proper.

Respectfully submitted,

**Law Offices of Eugene D. Frank, P.C.**

By: _____
        Eugene D. Frank, Esquire
        PA ID No. 89862
        500 Grant Street, Suite 2900
        Pittsburgh, PA 15219
        (412) 366-4276 - office
        (412) 366-4305 – fax
        efrank@edf-law.com

*Attorneys for Plaintiff and the Class*

### IN THE COURT OF COMMON PLEAS OF
### ALLEGHENY COUNTY, PENNSYLVANIA
### CIVIL DIVISION

| | |
|---|---|
| Melissa Travis, *an individual, on behalf of herself and those similarly situated*;<br><br><br>      Plaintiffs,<br><br>  vs.<br><br>Audit Systems Incorporated,<br><br>      Defendant. | Case No. GD-18- |

### VERIFICATION

  I, Eugene D. Frank, attorney for Plaintiff, Melissa Travis, am fully familiar with the facts set forth in the within *Class Action Complaint* and am authorized to make this Verification on behalf of Plaintiff. I verify that the averments of fact contained in the foregoing *Class Action Complaint* are true and correct to the best of my knowledge and belief based on the information supplied by Plaintiff. I understand that these averments of fact are made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsifications to authorities. Plaintiff's verification will be substituted for this attorney verification upon request.


Dated: December 6, 2018        BY: _____

                     Eugene D. Frank

**AUDIT SYSTEMS INCORPORATED**
3696 Ulmerton Rd. ● Suite 200 ● Clearwater, FL 33762
**Toll Free Phone: (800) 741-1969**
North Carolina Department of Insurance Permit Number 100606

Date:   **December 6, 2017**

| TOTAL BALANCE DUE: $1485.12 |
| --- |

MELISSA TRAVIS,

The below referenced account(s) have been sent to our office for collection.

| CREDITOR NAME | ACCOUNT # | SERVICE DATE | BALANCE DUE |
| --- | --- | --- | --- |
| Advanced Integrated Medical | 5985 | 04/04/16 | $1485.12 |

To pay online please visit our website at www.auditsystemsinc.net. Click on the Payments tab and then click on "Pay Now". Your Client Account Number to reference is ___386___.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion of it, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

This is a communication from a debt collector attempting to collect a debt. Any information obtained will be used for this purpose.

If the account is outstanding due to a billing error or other problem, please feel free to contact one of our service representatives with questions at 1-800-741-1969 during business hours of Monday through Thursday 8:00am – 9:00pm EST, and Friday 8:00am – 7:00pm EST.  If this account is due to loss, theft or forgery, you may mail an affidavit of forgery to our office.

400ONAUDT01230


PLAINTIFF'S EXHIBIT A

**AUDIT SYSTEMS INCORPORATED**
3696 Ulmerton Rd., Suite 200
Clearwater FL  33762

RETURN SERVICE REQUESTED

PRESORTED
FIRST-CLASS MAIL
U.S. POSTAGE PAID
DPCH

230       039731

MELISSA TRAVIS
1128 Nevada St
Pittsburgh PA 15213-1003



## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: Law Offices of Eugene D. Frank, P.C.

Signature: _____

Name: Eugene D. Frank

Attorney No.: PA ID # 89862

## IN THE COURT OF COMMON PLEAS
## OF ALLEGHENY COUNTY, PENNSYLVANIA

MELISSA TRAVIS, *an individual, on*
*behalf of herself and those similarly situated,*

        Plaintiffs,

vs.

AUDIT SYSTEMS INCORPORATED,

        Defendant.

CIVIL DIVISION

NO: GD-18-016034

TYPE OF PLEADING:

**PRAECIPE TO SUBSTITUTE**
**VERIFICATION TO CLASS**
**ACTION COMPLAINT**

FILED ON BEHALF OF:
**Melissa Travis, an individual, on**
**behalf of herself and those**
**similarly situated**

COUNSEL OF RECORD:
**Eugene D. Frank, Esquire**
**PA ID # 89862**

**Law Offices of Eugene D. Frank, P.C.**
**500 Grant Street, Suite 2900**
**Pittsburgh, PA 15219**
**(412) 366-4276 (office)**
**(412) 366-4305 (fax)**

## IN THE COURT OF COMMON PLEAS OF
## ALLEGHENY COUNTY, PENNSYLVANIA
## CIVIL DIVISION

| | |
|---|---|
| Melissa Travis, *an individual, on behalf of herself and those similarly situated*,<br><br>                              Plaintiffs,<br><br>       vs.<br><br>Audit Systems Incorporated,<br><br>                              Defendant. | Case No. GD-18-016034 |

## PRAECIPE TO SUBSTITUTE VERIFICATION
## TO CLASS ACTION COMPLAINT

To the Department of Court Records:

     Kindly substitute the verification in the above-captioned case.

                                Respectfully submitted,

                            By: _____
                                  Eugene D. Frank, Esquire
                                  PA ID # 89862

                                  500 Grant Street, Suite 2900
                                  Pittsburgh, PA 15219
                                  (412) 366-4276 Office
                                  (412) 366-4305 Fax

Dated: December 7, 2018

## IN THE COURT OF COMMON PLEAS OF
## ALLEGHENY COUNTY, PENNSYLVANIA
## CIVIL DIVISION

| | |
|---|---|
| Melissa Travis, *an individual, on behalf of herself and those similarly situated*;<br><br>                         Plaintiffs,<br><br>     vs.<br><br>Audit Systems Incorporated,<br><br>                         Defendant. | Case No. GD-18- |

## VERIFICATION

I, Melissa Travis, verify that the averments of fact contained in the foregoing *Class Action Complaint* are true and correct to the best of my knowledge and belief. I understand that these averments of fact are made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsifications to authorities.

_____
\Melissa Travis

Dated: **12/06/2018**